UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN CANO | * | CIVIL ACTION NO. 2:12-CV-02328-JCZ-JCW |
|       Plaintiff | * | |
| VERSUS | * | |
| | * | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-03, SHAPIRO AND DAIGREPONT, LLC, DOWNS FINANCIAL INC., NEW CENTURY MORTGAGE SECURITIES LLC, NC CAPITAL CORPORATION AND CARRINGTON MORTGAGE SERVICES LLC | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |
|       Defendants | * | |

**************************************************************

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Martin Cano, who supplements and amends the original complaint herein in the following respects:

1.

Plaintiff is a person of majority and domiciled in the State of Florida.

2.

Plaintiff is a consumer within the meaning of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 USC Section 1692(a)(3). Plaintiff incurred a financial obligation that

was primarily for personal, family or household purposes, a consumer debt as defined by 15 U.S.C. Section 1692(a)(5).

3.

Defendants, Shapiro and Daigrepont, LLC (hereinafter referred to as "Shapiro"), is a debt collector as defined under the FDCPA. Furthermore, Shapiro represented at all times pertinent to this case and in all dealings with plaintiff, including dealings prior to the filing of the petition for executory process by Shapiro, that it was a debt collector.

4.

Defendants, Shapiro and Daigrepont, LLC and Carrington Mortgage Services, Inc. ("Carrington"), are debt collectors within the meaning of the FDCPA, 15 U.S.C. Section 1692(a)(6) as they both collected debts owed to others, both in this case and generally.

5.

Shapiro addressed correspondence to plaintiff dated July 27, 2010 as well as September 24, 2010 that it was acting in its capacity as a debt collector. Copies of that correspondence are attached hereto and made a part hereof as Exhibit "A" in globo.

6.

Shapiro and Carrington violated the FDCPA in numerous respects, including fraudulent submission of evidence to plaintiff concerning the character, amount and legal status of the debt in question, which included but was not limited to false representation regarding the exact

amount owed and the actual holder of the note and mortgage.

7.

Shapiro and Carrington misrepresented their ability to legally take action with respect to the mortgage executed by plaintiff since they knew at the time that their representations as to the correct holder of the mortgage were wrong and misleading.

8.

Shapiro further violated the FDCPA, 15 USC Section 1692(e)(9) by false representation by use of any written communication which created a false impression as to its source, authorization, or approval. Shapiro misrepresented to plaintiff in its correspondence dated July 27, 2010 that it represented Deutsche Bank and later in correspondence dated September 24, 2010 that it represented defendant Carrington instead.

9.

Shapiro later violated the FDCPA by failing to include in its September 24, 2010 correspondence a copy of the "Mini Miranda".

10.

Shapiro misrepresented to plaintiff, in violation of FDCPA, the party which it represented, that being Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-3. In its September 24, 2010 letter, it advised that it represented Carrington Mortgage Services.

11.

Carrington is a debt collector and is subject to the FDCPA by virtue of the definition as set forth in FDCPA and its own admissions in its correspondence dated October 8, 2010 and its specific statement in that letter that this communication was from a debt collector. The correspondence dated October 8, 2010 from Carrington is attached hereto and made a part hereof as Exhibit "B".

12.

In its correspondence dated October 8, 2010, Carrington further misrepresented the character and/or legal status of the debt in violation of 15 USC Section 1692(e)(2) by stating that Deutsche was the holder of the note. One paragraph of that letter recites that the last assignment of the note was to New Century Mortgage Corporation which allegedly then granted servicing rights to Carrington. In fact, Deutsche never became the holder of the note and mortgage in question.

13.

Correspondence from Carrington dated February 1, 2012 admitted that the loan was in default in October 1, 2006 when it became servicer in this matter on July 1, 2007. Correspondence dated February 1, 2012 as well as correspondence dated July 12, 2007 is attached hereto and made a part hereof as Exhibit "C" in globo. Hence, Carrington was a debt collector as of that time.

14.

Carrington failed to properly respond to the qualified written requests submitted under the provisions of RESPA.

15.

Among other things, Carrington failed to provide plaintiff with the custodial and/or master file of the mortgage for review of certified documents as requested in the qualified written request.

16.

Defendants, Shapiro, Deutsche and Carrington conspired to create a fraudulent scheme whereby false documents, including the correspondence referred to as well as the assignments and allonges, would be created to violate securities laws of the United States, FDCPA and Louisiana Unfair Trade Practices Act.

17.

Carrington maintained plaintiff's note in a current status in order that provisions of the trust would not be violated. It was therefore never in default. Deutsche was unjustly enriched by the taking of the property and collecting on its insurance against defaulted debts in the Trust.

18.

Both Shapiro and Carrington violated the FDCPA by not verifying the debt pursuant to the terms of the Act, in particular by not verifying the correct name of the plaintiff or the

documentation leading to the note and mortgage allegedly being transferred to Deutsche.

19.

Defendants, Deutsche, Shapiro and Carrington, failed to take appropriate corrective measures to correct the fraudulent endorsement and assignments, which actions are violative of both FDCPA and RESPA as well as the Louisiana Unfair Trade Practices Act.

20.

Defendants, Deutsche and Carrington, and their agents made negative credit references on Mr. Cano's credit and sent letters misrepresenting that Deutsche was the rightful owner of the mortgage. This false misrepresentation was designed to deceive Mr. Cano into believing that Deutsche was the rightful holder and owner of the mortgage with corresponding legal standing to seize plaintiff's home.

21.

The violations of the FDCPA included but not limited to violations of 15 U.S.C. Sections 1692(d), 1692(e), 1692(e)(5), 1692(e)(7), 1692(e)(10) and 1692(f), among others.

22.

Plaintiff has suffered actual damages as a result of the illegal collection activities in the form of humiliation, anger, anxiety, emotional distress, fear, embarrassment, loss of homestead as well as all payments made for purchase of that homestead and/or equity accumulated in said homestead.

23.

Plaintiff is entitled to actual damages pursuant to 15 U.S.C. Section 1692(k)(a)(1); statutory damages in the amount up to $1,000.00 for each violation of 15 U.S.C. Section 1692(k)(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. Section 1692(k)(a)(3).

24.

Shapiro, Carrington and Deutsche violated 15 U.S.C. Section 1692(f) by virtue of their fraud concerning forgeries and legal status of the debt and also by threatening to take plaintiff's property when they had no such right.

25.

At all times material hereto, defendants, Shapiro, Carrington and Deutsche, had knowledge that their written statements as to the alleged ownership of Mr. Cano's mortgage, the written statements as to the assignments of the mortgage, the legal entitlement to demand monies from Mr. Cano and institute foreclosure proceedings were false statements of material facts which were false when made and known by said defendants to be false when made.

26.

Defendants and their agents violated 15 U.S.C. Section 1692(d) by engaging in conduct the actual consequence of which was to harass, oppress or abuse Mr. Cano and which did harass, oppress and abuse Mr. Cano by falsely misrepresenting the character, amount and the legal status

of the debt. They further misrepresented the sale and/or transfer of the interest in the debt and hid the true creditor, violative of 15 U.S.C. Sections 1692(e)(2) and 1692(e)(6). Further, they called plaintiff's residence repeatedly with the intent to annoy and harass.

27.

Shapiro and Carrington further used false misrepresentations and/or deceptive means to collect the debt, violative of 15 U.S.C. Section 1692(e)(10), by misleading as to who had the right to collect.

28.

Shapiro and Carrington failed to provide plaintiff with the name and address of true creditor and owner of the note and mortgage which violates FDCPA.

29.

The defendants misrepresented and violated the FDCPA and RESPA as the note and mortgage should not have been transferred to the Trust involved due to the timing of the execution of the mortgage.

30.

Shapiro, Carrington, Downs and Deutsche are all in violation of the FDCPA and the Louisiana Unfair Trade Practices Act due to their conspiracy to create a situation that preyed upon consumers including plaintiff through foreclosure actions and the inability of consumers to oppose the contrivance.

31.

The defendants all conspired to initiate a process by which the notes and mortgages would be handled and forged in order that they may be included in certain trust instruments which scheme was very lucrative for the defendants. The audit from Accurate Analyses dated October 4, 2011 concerning the forgeries which took place in this matter is attached hereto and made a part hereof as Exhibit "D". The continuing damage from this scheme continued due to the subsequent forgeries and damage stemming therefrom. The forgeries amounted to fraud upon plaintiff in further violations of the FDCPA as well securities regulations which also fall under the jurisdiction of this Court.

32.

Carrington also violated the RESPA by, upon information and belief, charging fees to respond to qualified written requests.

33.

Carrington violated the RESPA by calling itself servicer of the account at or around the time of October 7, 2010 when it fact LPS Default Solutions was apparently the servicer of record as is evidenced by correspondence dated October 7, 2010 which is attached hereto and made a part hereof as Exhibit "E". Carrington is liable for this violation. Specifically, LPS serviced through its mortgage servicing platform or "MSP". In that correspondence, LPS recognizes that it performed the activities of the servicer by responding to a qualified written request which is a

specific request under 12 USC Section 2635.

34.

Carrington, Shapiro and Deutsche all conspired to violate the provisions of RESPA which provide that no fees may be charged for responding to the qualified written requests. Upon information and belief, Shapiro, Carrington and Deutsche charged fees associated with the response to the qualified written requests.

35.

Deutsche was unjustly enriched by its foreclosure on the property subject to the mortgage executed by plaintiff. Not only did it sell plaintiff's residence, but it also recovered under its insurance as evidenced by the results of the audit conducted by plaintiff which is attached hereto and made a part hereof as Exhibit "F".

36.

All of the defendants conspired to conceal the fraudulent submission of documents to plaintiff both before, during and after the foreclosure proceeding.

37.

All of the defendants conspired to conceal fraudulent documents submitted to the Court before and during the foreclosure proceeding which enabled defendants to move forward with the proceedings.

38.

Carrington further violated FDCPA by threatening plaintiff with civil and criminal prosecution, representing that its client had granted authority to seek compensatory and punitive damages against plaintiff, all as threatened in correspondence dated December 21, 2011, attached hereto as Exhibit " G". Carrington violated FDCPA by threatening action which was outside of its rights and futher that it neither had the authority to take or the intention to take.

39.

Plaintiff realleges and incorporates by reference all of the allegations made in the initial complaint herein.

WHEREFORE, Plaintiff prays that defendants be duly served and cited to appear and answer this Supplemental and Amending Complaint and that after all due legal proceedings had, there be judgment against all of the defendants, in solido, as follows:

1) For all general damages which Plaintiff may be entitled pursuant to the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act and Louisiana Unfair Trade Practices Act, including statutory damages, as well as actual damages and attorney's fees for the violation of both Acts;

2) For all damages due to violations of state law by depriving plaintiff of his property, equity in the property, and for violations of securities laws of the United States;

3) For all such other general and equitable relief to which plaintiff might be entitled.

Respectfully submitted,

BUTLER MORDOCK, P.L.C.

By: /s/Gerard O. Salassi, IV
    CRAIG J. MORDOCK (#27014)
    GERARD O. SALASSI, IV (19769)
    8220 Maple Street
    New Orleans, Louisiana 70118
    Phone: 504-304-2335
    Fax: 504-342-2154