UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARTIN CANO,** | * | **CIVIL ACTION NO. 2:12-CV-02328-JCZ-JCW** |
| **Plaintiff** | * | |
| **VERSUS** | * | **JUDGE JAY C. ZAINEY** |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-03, SHAPIRO AND DAIGREPONT, LLC, OWNS FINANCIAL INC., NEW CENTURY MORTGAGE SECURITIES, LLC, AND CARRINGTON MORTGAGE SERVICES LLC,** | * | **MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR** |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**</u>

**NOW INTO COURT**, through undersigned counsel, comes Carrington Mortgage Services, LLC (Carrington), who responds to the plaintiff's First Supplemental and Amending Complaint by denying each and every allegation unless specifically admitted herein, and submits affirmative defenses, as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information justifying a belief therein.

2.

The allegations of Paragraph 2 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations of Paragraph 2 are denied.

442746.1

3.

The allegations of Paragraph 3 are not directed towards Carrington and therefore require no response by Carrington. However, if otherwise construed, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 4 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 4 are denied.

5.

The allegations of Paragraph 5 are not directed towards Carrington and therefore require no response by Carrington. However, if otherwise construed, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 6 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are not directed towards Carrington and therefore require no response by Carrington.  However, if otherwise construed, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are not directed towards Carrington and therefore require no response by Carrington.  However, if otherwise construed, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are not directed towards Carrington and therefore require no response by Carrington.  However, if otherwise construed, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 relate to claims brought pursuant to the Fair Debt Collection Practices Act.  The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72.  Accordingly, Paragraph 11 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 relate to claims brought pursuant to the Fair Debt Collection Practices Act.  The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72.  Accordingly, Paragraph 12

requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 13 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 relate to claims brought pursuant to the Fair Debt Collection Practices Act and Louisiana Unfair Trade Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act and Louisiana Unfair Trade Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 16 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 relate to claims brought for recovery pursuant to the theory of unjust enrichment. The Court dismissed all claims brought pursuant to for unjust enrichment in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 17 requires no

442746.1

response by Carrington. However, if otherwise construed, the allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 18 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 21 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt

442746.1

Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 23 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 24 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 26 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 27 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 28 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 relate to claims brought pursuant to the Fair Debt Collection Practices Act and Louisiana Unfair Trade Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act and Louisiana Unfair Trade Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 30 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 relate to claims brought pursuant to the Fair Debt Collection Practices Act. The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 31 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 are denied.

33.

The allegations of Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are not directed towards Carrington and therefore require no response by Carrington.  Furthermore, Carrington submits that the court dismissed all claims brought pursuant to the theory of unjust enrichment in its order dated July 29, 2013, R-Doc 72. Accordingly, Paragraph 35 requires no response by Carrington. To the extent a response is required, the allegations of Paragraph 35 are denied.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 relate to claims brought pursuant to the Fair Debt Collection Practices Act.  The Court dismissed all claims brought pursuant to the Fair Debt Collection Practices Act in its order dated July 29, 2013, R-Doc 72.  Accordingly, Paragraph 38 requires no response by Carrington. However, if otherwise construed, the allegations of Paragraph 38 are denied.

39.

Responding to the final "Wherefore" paragraphs, Carrington denies that the plaintiff is entitled to any relief requested.

442746.1

**FURTHER RESPONDING, Carrington asserts the following affirmative defenses.**

**FIRST DEFENSE**

The plaintiff failed to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The plaintiff has neither alleged nor sustained any actual damages that were proximately caused by Carrington or for which Carrington is liable.

**THIRD DEFENSE**

The plaintiff failed to plead fraud with specificity.

**FOURTH DEFENSE**

Some or all of the claims asserted by the plaintiff should be dismissed, or alternatively the plaintiff's damages (the existence of which is denied) should be reduced, due to the plaintiff's own negligent conduct.

**FIFTH DEFENSE**

Carrington complied with all applicable state and federal laws and regulations in connection with the servicing of the loan.

**SIXTH DEFENSE**

The purported "RESPA Qualified Written Request" does not qualify as a written request pursuant to the terms of RESPA and its related regulations.

**SEVENTH DEFENSE**

The plaintiff's claims against Carrington are improperly brought under RESPA and should be dismissed accordingly.

**EIGHTH DEFENSE**

The claims asserted by the plaintiff are barred by the applicable statute of limitations, prescriptive and peremptive periods, and/or laches.

442746.1

## NINTH DEFENSE

The plaintiff has failed to mitigate his damages (the existence of which are denied).

## TENTH DEFENSE

Some or all of the claims asserted by plaintiff are barred by the doctrine of waiver, ratification, or estoppel.

## ELEVENTH DEFENSE

The claims asserted by the plaintiff are barred by the statute of fraud and/or parole evidence rule.

## TWELFTH DEFENSE

Carrington reserves the right to assert any additional affirmative defenses and any counterclaims, cross-claims, and/or third party demands that it may discover during the course of additional investigation and discovery.

**WHEREFORE**, Carrington Mortgage Services, LLC having fully answered the First Supplemental and Amending Complaint, respectfully requests that the Court grant the following relief:

1. That the Court enter judgment in favor of Carrington Mortgage Services, LLC and against the plaintiff on all claims alleged in the First Supplemental and Amending Complaint, and that First Supplemental and Amending Complaint be dismissed against Carrington Mortgage Services, LLC with prejudice;

2. That all costs of this action be cast upon plaintiff; and

3. That this Court grant Carrington Mortgage Services, LLC such other relief, as may be proper at law or in equity.

442746.1

Respectfully submitted,

*/s/ Jamie Polozola Gomez*
MICHAEL D. FERACHI (No. 19566)
JAMIE POLOZOLA GOMEZ (No. 33318)
McGlinchey Stafford, PLLC
Fourteenth Floor, One American Place
Baton Rouge, La 70825
Telephone (225)383-9000
Facsimile   (225)343-3076
Email: mferachi@mcglinchey.com
          jgomez@mcglinchey.com

ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-3

## **CERTIFICATE OF SERVICE**

I hereby certify that in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.  Service to all known counsel of record who have not consented to email notification and electronic service has been made via United States first-class mail, properly addressed and postage pre-paid, this 5th day of September, 2013.

*/s/ Jamie Polozola Gomez*
 Jamie Polozola Gomez

442746.1