## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN CANO,** | *  **CIVIL ACTION NO. 2:12-CV-** |
| | *  **02328-JCZ-JCW** |
| | * |
| **Plaintiff** | * |
| | * |
| **VERSUS** | *  **JUDGE JAY C. ZAINEY** |
| | * |
| **DEUTSCHE BANK NATIONAL TRUST** | *  **MAGISTRATE JUDGE JOSEPH** |
| **COMPANY, INDENTURE TRUSTEE FOR NEW** | *  **C. WILKINSON, JR** |
| **CENTURY HOME EQUITY LOAN TRUST 2005-** | * |
| **03, SHAPIRO AND DAIGREPONT, LLC, OWNS** | * |
| **FINANCIAL INC., NEW CENTURY** | * |
| **MORTGAGE SECURITIES, LLC, AND** | * |
| **CARRINGTON MORTGAGE SERVICES LLC,** | * |
| | * |
| **Defendants** | * |
| | * |

**************************************************************************

### MEMORANDUM IN SUPPORT OF SHAPIRO & DAIGREPONT, LLC'S OPPOSITION TO MOTION FOR NEW TRIAL

Pursuant to Local Civil Rule 7.4, Shapiro & Daigrepont, LLC, files this Memorandum in Opposition to plaintiff's Motion for New Trial regarding the Order entered by this Court on July 29, 2013, in which it granted the Motion to Dismiss filed by Shapiro & Daigrepont, LLC. (Rec. Doc. 72).

### I.   BACKGROUND

In this action, plaintiff, Martin Cano, seeks damages against defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Louisiana Unfair Trade Practices Act ("LUTPA") and various other state law causes of action all stemming from the 2011 foreclosure and sale of plaintiff's rental property.  On February 13, 2013, Carrington Mortgage Services, LLC and Deutsche Bank

National Trust Company filed its Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction. (R. Doc. 29). On March 5, 2013, Shapiro & Daigrepont, LLC filed its Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim. (R. Doc. 37). An Opposition was filed by plaintiff on April 30, 2013. (R. Doc. 53, 54, 55). A Reply Memorandum in further support of its Motion to Dismiss was filed by Carrington and Deutsche Bank on May 6, 2013 (R. Doc. 57) and a Reply Memorandum in further support of its Motion to Dismiss was filed by Shapiro & Daigrepont on May 7, 2013. (R. Doc. 59).

On July 29, 2013, this Court entered an Order granting the Motion to Dismiss filed by Carrington and Deutsche in part and denying the Motion to Dismiss in Part. As it relates to Shapiro & Daigrepont, LLC, their Motion to Dismiss was granted.

With regard to plaintiff's FDCPA claims, this Court held that the FDCPA claims related to the July 27, 2010 and September 24, 2010 letters from Shapiro and the October 8, 2010 letter from Carrington were clearly prescribed. (R. Doc. 72, pg. 9). This Court stated that the sole piece of correspondence not subject to prescription was the December 21, 2011 letter from Carrington. However, this court held that the letter was not actionable as a violation of the FDCPA. (R. Doc. 72, pg. 9). Further, this court held that the remainder of plaintiff's FDCPA claims were prescribed, "regardless of the specific statutory prohibition at issue" as they "arise out of the allegedly fraudulent scheme that he believes Defendants engaged in to foreclose on his property without legal right." (R. Doc. 72, pg. 10). This court stated that "the record unequivocally demonstrates that Cano was aware of the facts giving rise to these claims no later than June 22, 2011, when he executed the 'Notice of Invalid Successor Trustee Sale' that he filed in the state court foreclosure proceedings." (R. Doc. 72, pg. 10). Further, plaintiff submitted an affidavit from a private investigator dated July 18, 2011 and this Court held that the record reflects that

plaintiff was well aware of his alleged injury and the facts underlying his claim more than a year before he filed the instant federal suit. (R. Doc 72, pg. 10).[1]

With regard to plaintiff's LUPTA claims, this Court held that they were also prescribed for the same reason as stated above, that plaintiff was aware of the claims no later than June 22, 2011 when he executed the "Notice of Invalid Successor Trustee Sale" that he filed in the State Court proceedings. (R. Doc. 72, pg. 12). Further, plaintiff's RESPA claims were dismissed as they relate to Shapiro & Daigrepont as they are not the loan servicer, but the law firm that initiated foreclosure proceedings on behalf of their client. (R. Doc. 72, pg. 11).[2] Lastly, plaintiff's state law claims were also dismissed as he failed to plead his state law fraud claim with particularity (R. Doc. 72, pg. 12) and he failed to state a claim for unjust enrichment as he failed to assert that there was no other remedy at law available. (R. Doc. 72, pg. 13).

On August 28, 2013, almost one month from the issuance of the Order granting defendants' Motions to Dismiss, plaintiff filed the instant Motion for New Trial. (R. Doc. 75). In the accompanying Memorandum, plaintiff asserts that "he was not fully aware of the actionable cause of action until he received the report in October 2011 from a company that was actually certified to examine signature and render an opinion regarding their validity." (Rec. Doc. 75-1, pg. 1-2). Plaintiff now asserts that October 4, 2011 is the date upon which this Court should have looked at when deciding the issue of prescription. Plaintiff argues that the courts reliance on June 22, 2011 and July 18, 2011, the dates upon which plaintiff filed his Notice of Invalid Successor Trustee Sale and affidavit from his private investigator, was erroneous.

## II.    LAW AND ARGUMENT

### A.  Plaintiff's Motion for New Trial is Untimely

---

[1] This court additionally held that the sale of the property was not the event that gave rise to the FDCPA claims. (R. Doc. 72, pg. 10).
[2]

Plaintiff brings his Motion for New Trial under Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59(b) of the Federal Rules of Civil Procedure, "[a]ny motion for a new trial shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). This time limit is strictly enforced as a jurisdictional requirement; in fact, "it may not be extended by waiver of the parties or by rule of the district court." See *Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir.1984); Fed. R. Civ. P. 6(b) (prohibiting any enlargement of time by the district court for a motion for new trial under Rule 59(b)); accord *Gribble v. Harris,* 625 F.2d 1173, 1174 (5th Cir.1980); *Martin v. Wainwright*, 469 F.2d 1072, 1073 (5th Cir.1972); *Dontas v. Metro. Life Ins.* Co., CIV. A. 91-503, 1993 WL 185666 (E.D. La. May 25, 1993) In other words, the court is powerless to even consider an untimely filed motion for new trial. *Vincent v. Cons.Operating Co.,* 17 F.3d 782, 785 (5th Cir.1994).

Here, the court signed a final judgment on July 29, 2013. Plaintiff had ten days after July 29th, excluding weekends and legal holidays, in which to timely file a motion for new trial. See Fed. R. Civ. P. 59(b); Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Using this calculation method, plaintiffs Rule 59(b) motion was due no later than Monday, August 12, 2013. Nevertheless, plaintiff did not file the instant motion until twenty-two calendar days later-on August 28, 2013. Thus, the filing of this motion is clearly untimely, and the court lacks jurisdiction to consider plaintiffs requested relief. See *Gribble*, 625 F.2d at 1174; *Ariwodo v. U.S. Customs & Immigration Enforcement,* CIV.A. H-04-04572, 2007 WL 1412984 (S.D. Tex. May 10, 2007).

**B.  The Motion Does Not Satisfy the Requirements of FRCP 60(B)**

In arguendo, if this Court were inclined to treat the motion as a motion for reconsideration under FRCP 60, the motion must still be denied. Under FRCP 60(b), a court may provide relief from a final judgment for six alternative reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff seeks relief on the grounds of legal error specifically that this Court erred in holding that his claims were prescribed. However, Rule 60(b) is not an appropriate method for seeking relief from what amounts to a claim for judicial error in a judgment. See *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) ("A petitioner warrants relief under Rule 60(b)(1) when he demonstrates that a mistake is attributable to special circumstances and not simply an erroneous legal ruling"). It is well established that the construction and application of prescription presents a question of law, subject to de novo review. *Brown v. Slenker,* 220 F.3d 411, 419 (5th Cir. 2000); *Investors, Inc. v. Finevest Life Investors, Ltd. P'ship*, CIV. A. 92-1106, 1992 WL 189495 (E.D. La. July 23, 1992); *Tiger Bend, L.L.C. v. Temple-Inland, Inc.,* 56 F. Supp. 2d 686, 689 (M.D. La. 1999).

Parties making claims of judicial error in a final judgment have two means available to them. First, they may move the trial court to alter or amend a judgment within ten days, under Rule 59(e), provided they "clearly establish either a manifest error of law or fact or [they] present newly discovered evidence." *Schiller v. Physicians Resource Group Inc.,* 342 F.3d 563, 567-68 (5th Cir. 2003)  While Rule 59(e) should not "be used to raise arguments which could,

and should, have been made before the judgment issued," *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003), it is an appropriate means, subject to the ten day limit, for parties to seek "correction of such a mistake [such as judicial error] at a relatively early, and consequently less expensive, stage in the process of the review of judgments." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). On the other hand, once the ten day limit for Rule 59(e) motions has passed, as in the instant case, parties may pursue "the ordinary method for redressing judicial error" which is an appeal, but in any event, Rule 60(b) is "not a substitute" for appeal. *McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 367 (5th Cir. 1993); *Gov't Fin. Servs One Ltd. P'ship v. Peyton Place, Inc.* 62 F.3d 767, 770 (5th Cir. 1995) (applying deferential standard to trial court's rulings on Rule 60(b) motions so as not to "undermine the requirement of a timely appeal"); *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). In the instant case, plaintiff did not take advantage of either means available to him to property address his claim that there was legal error in the Court's granting of defendants' Motions to Dismiss. Moreover, this is not a case in which exceptional circumstances have or will prevent Plaintiffs from seeking relief through a direct appeal.

Additionally, plaintiff has failed to meet any of the standards for property granting a FRCP 60(b) and plaintiff offers nothing to support any of the criteria set out in FRCP 60(b). In an attempt to circumvent Louisiana prescription law, plaintiff states that he was not aware of his actionable cause of action until he received a report from a company "certified to examine signatures and render an opinion regarding their validity."  (R. Doc. 75-1, pg. 2). However, damage is sustained for the purposes of prescription when it has manifested itself with sufficient certainty to support the accrual of a cause of action. *Hazelwood Farm Inc. v. Liberty Oil and Gas Corp.,* 2002-266 (La.App. 3 Cir. 4/2/03), 844 So.2d 380, 389. Prescription commences when a

6

plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. *Id.* The Louisiana Supreme Court in *Campo v. Correa* indicated that constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. 01-2707 (La. 6/21/02), 828 So.2d 502, 510. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead and is sufficient to start the running of prescription. *Id.* Additionally, when a claimant has suffered some but not all damages, prescription runs from the day on which he suffered actual and appreciable damages even though he may thereafter realize more precise damages. *Hazelwood Farm Inc. v. Liberty Oil and Gas Corp.,* 2002-266 (La.App. 3 Cir. 4/2/03), 844 So.2d 380, 389.

In this case, plaintiff's theory does not and cannot undo the fact that the prescriptive period for his suit ended well before he filed his complaint on September 21, 2013. Plaintiff submitted to this Court the October 4, 2011 Handwriting Analysis upon which he now relies on to support his theory that this should have starting the accrual of prescription. (See R. Doc. 22-4, pgs. 1-11). If plaintiff had any additional evidence to support his claim that prescription did not begin to accrue until October 4, 2011, he had ample amount of time to submit that evidence to this Court. A court abuses its discretion if it reopens a case, pursuant to Rule 60(b), to consider the evidence "if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney." *Pryor v. United States Postal Serv.,* 769 F.2d 281 (5th Cir.1985). However, plaintiff's Memorandum in Support of his Motion for New Trial does not point to any new evidence which was not submitted to the Court. Plaintiff merely disagrees that the Court reached the proper legal conclusion based on the facts before it. Regardless of what Plaintiff asserts in his Motion for New Trial, his claim is, as a matter of law and on its face, is prescribed.

III.     **CONCLUSION**

The mere fact that plaintiff has presented issues that arguably could have been decided otherwise on appeal, but do not establish that the Court's ruling was so obviously incorrect as to constitute a fundamentally misconceived ruling, is sufficient reason for this Court to deny Plaintiffs' request for relief under Rule 60(b). *Chick Kam Choo v. Exxon Corp*., 699 F.2d 693, 695 (5th Cir.), cert. denied, 464 U.S. 826, 104 S. Ct. 98. Plaintiff has failed to show that he is entitled to relief under Rule 60(b) based on any of the reasons he claims supports such relief. Neither should the Court grant plaintiff, through the extraordinary relief provided by Rule 60(b), what he could and should have sought through the ordinary means available to him pursuant to Rule 59 and the appeals process.

The motion for new trial filed by plaintiff is not only inexcusably tardy, but it is also so meritless that it is to be considered frivolous. Under the clear and unambiguously worded Federal Rules of Civil Procedure, the Court should give no consideration whatsoever to Plaintiff's motion for new trial since it is both untimely and unfounded.

WHEREFORE, Shapiro & Daigrepont, LLC prays for an Order denying Plaintiff's Motion for New Trial. Shapiro & Daigrepont also seeks reimbursement for all expenses, including, but not limited to all costs and attorney's fees, associated with the defense of this frivolous motion.

Respectfully submitted,

/s/ **Zara Zeringue**

_____

MAGEE, ZERINGUE & RICHARDSON
Zara Zeringue (#22901)
Attorney for Shapiro & Daigrepont, L.L.C,
207 East Gibson Street
Covington, LA 70433
Telephone: (985) 893-7550
Facsimile: (985) 893-7596
zara@wmageelaw.com

8

SHAPIRO & DAIGREPONT, L.L.C.
Lindsay M. Graham (#33863)
Attorney for Shapiro & Daigrepont, L.L.C,
3510 N. Causeway Blvd., Suite 600
Metairie, LA 70002
Telephone: (504) 831-7726
Facsimile: (504) 837-7622
lgraham@logs.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this 30th day of September, 2013 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

/s/ Zara Zeringue
ZARA ZERINGUE