UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN CANO, | * | CIVIL ACTION NO. 2:12-CV-02328-JCZ-JCW |
| **Plaintiff** | * | |
| VERSUS | * | JUDGE JAY C. ZAINEY |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-03, SHAPIRO AND DAIGREPONT, LLC, OWNS FINANCIAL INC., NEW CENTURY MORTGAGE SECURITIES, LLC, AND CARRINGTON MORTGAGE SERVICES LLC, | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO MOTION FOR NEW TRIAL

Carrington Mortgage Services, LLC, ("Carrington") and Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-3, ("Deutsche"), submit this opposition to the motion for new trial filed by the plaintiff, Martin Cano. The plaintiff's motion for new trial should be denied because the court appropriately applied the controlling law and facts to the evidence when it reached its ruling.

The plaintiff's sole argument presented in the motion for new trial is that the court incorrectly held that the plaintiff's FDCPA and LUPTA claims were prescribed. In this regard, the plaintiff alleges that the dismissal was improper because the Court held that the plaintiff had knowledge of his potential claim when he executed the June 22, 2011 "Notice of Invalid Successor Trustee Sale" ("the Notice"). The Notice establishes that the plaintiff believed that

444608.1

1

Deutsche engaged in fraud and filed an invalid allonge.[1] Despite this evidence which is dated June 22, 2011, the plaintiff states that the court should have relied on a report prepared by Accurate Analysis that was forwarded to the plaintiff in October of 2011.[2] However, the report does not provide any new information that was not set forth in the Notice.[3] Accordingly, the plaintiff should be estopped from now asserting that he did not learn of the alleged improper allonge until the handwriting analysis was provided to him in October of 2011. For this reason, the plaintiff's motion for new trial must be denied.

### A. Factual and Procedural Background

On September 21, 2012, Martin Cano ("plaintiff"), filed this action, naming Carrington, Deutsche, Shapiro & Daigrepont, and New Century Mortgage as defendants. In the complaint, the plaintiff alleged that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), the Louisiana Unfair Trade Practices Act ("LUTPA"), and the Real Estate Settlement Procedures Act ("RESPA"). The plaintiff additionally alleged various state law causes of action.[4] Based upon the allegations contained within the original complaint, Carrington and Deutsche filed a motion to dismiss the plaintiff's complaint.[5] Shortly after the motion to dismiss was filed, the plaintiff amended his complaint to allege additional allegations against the defendants.[6] In response, Carrington and Deutsche filed a second motion to dismiss the plaintiff's complaint.[7] Additionally, Shapiro & Daigrepont filed a motion to dismiss the plaintiff's suit.[8]

On July 29, 2013, the court issued an order on the motion to dismiss and dismissed all

---

[1] See R. Doc. 36-6.
[2] See the handwriting report attached at R. Doc. 26-6.
[3] *Id.*
[4] See R. Doc. 1.
[5] See R. Doc. 12.
[6] See R. Doc. 22.
[7] See R. Doc. 29.
[8] See R. Doc. 36.

444608.1

claims brought against Deutsche and Shapiro & Daigrepont.[9]  The order additionally dismissed all claims against Carrington with the exception of the plaintiff's allegations arising under RESPA.  Specifically, the court found that the plaintiff's FDCPA and LUTPA claims were prescribed.  The plaintiff's state law claims were dismissed for failure to state a cause of action.

Thereafter, the plaintiff filed the present motion for new trial alleging that the court used the wrong trigger date for purposes of prescription relating to the FDCPA and LUTPA claims.  In this regard, the plaintiff alleges that prescription did not begin to run until the plaintiff received a handwriting analysis from Accurate Analysis in October of 2011.  However, the plaintiff fails to show that the court committed a manifest error of law or fact.  The facts before the court confirmed that the plaintiff should have known of his potential cause of action at the time he executed the Notice which outlined alleged issues surrounding the allonge.  Therefore, the court must deny the plaintiff's motion for new trial.

### B. The Plaintiff Cannot Meet His Burden of Proving Entitlement To a Motion for New Trial.

The Eastern District of Louisiana considers motions for new trial that seek reconsideration of dispositive pre-trial motions as motions to alter or amend the judgment under Federal Rule of Civil procedure 59(e). *White v. Gusman*, 2008 WL 4758633, *2 -3 (E.D. La. 2008).  The Fifth Circuit holds, "reconsideration of a judgment is an extraordinary remedy which courts should use sparingly." *In re Bertucci Contracting, LLC,* 2012 WL 2838819, *1 (E.D. La. 2012) *citing* , *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D. La. 1998); *Bardwell v. Sharp,* 1995 WL 517120, *1 (E.D. La. 1995).   In fact, the Fifth Circuit recognizes that the remedy is so extraordinary that the Rule 59(e) standard "***favors denial*** of motions to alter to amend a judgment." [emphasis added].  *Southern Contractors Group, Inc. v. Dynalectric Company,* 2

---

[9] See R. Doc. 72.

444608.1

F.3d 606, 611 (5th Cir.1993). Furthermore, the Eastern District holds that a motion to alter the judgment is not the proper vehicle for rehashing legal theories or arguments. *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.* 2013 WL 4007068, 5 (E.D.La. 2013) *citing Castrillo v. American Home Mortg. Servicing, Inc.,* 2010 WL 1424398, *4 (E.D. La. 2010) *quoting Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004).

Four grounds exist upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which the judgment were based, (2) the existence of new evidence, (3) the need to prevent manifest injustice, and (4) an intervening change in controlling law. *Owens v. Global Santa Fe Bldg.* 2005 WL 2036881, *1 -2 (E.D. La. 2005) *Motiva Enterprises LLC v. Wegmann,* 2001 WL 246414 (E.D. La. 2001); *Clay v. Daichi Shipping,* 2000 WL 6269 (E.D. La. 2000); *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (1998).

The plaintiff fails to allege that any of the aforementioned factors are present in this case. Instead, the plaintiff alleges that the court should grant a new trial because its previous ruling was against the weight of evidence. For this reason alone, the plaintiff's motion for new trial should be denied.

Nevertheless, the court did not commit a manifest error of law or fact necessitating the granting of a new trial when it ruled that the FDCPA and LUTPA claims are prescribed. The court correctly stated that Cano was aware of the facts giving rise to his claims no later than June 22, 2011.[10] Such a statement does not constitute a manifest error of fact sufficient to support the present motion for new trial. In the Notice executed by the plaintiff, the plaintiff alleged that Deutsche engaged in fraud and that the allonge was invalid. Specifically the Notice alleges that Deutsche engaged in "mail fraud, wire fraud, fraud in the inducement, forgery, fraud in the factum, fraud in the execution, fraud against equity, misrepresentation, withholding of material

---

[10] See R-Doc. 72.

444608.1

4

facts, unjust enrichment by fraudulent conversion of an asset…"[11]  The Notice goes on to allege that, "proper allonges have not been attached [to the executory process suit] as required."[12]  The plaintiff had sufficient facts at that time to determine that a cause of action may exist.

However, without any explanation as to why the Notice should not be considered the trigger date for purposes of prescription pursuant to the FDCPA and LUTPA, the plaintiff alleges that he did not learn that he possessed an actionable cause of action until he received the report from Accurate Analysis in October of 2011.  The purported "findings" of the analysis suggest that an issue exists concerning the validity of the allonge.[13]  Indeed, the validity of the allonge is the same issue examined in the Notice.  Because the same issue is discussed in both the Notice and the report, it is disingenuous for the plaintiff to attempt to rely on the later prepared report for purposes of prescription.  The plaintiff's knowledge of the alleged issues surrounding the allonge existed for more than one year before he filed suit.

Additionally, the remaining three factors on which the court may rely to grant a new trial are noticeably absent in the present matter.  The plaintiff fails to assert any newly discovery or previously unavailable evidence to support the reopening of his dismissed claims.  Furthermore, a new trial is not necessary to prevent a manifest injustice.  Finally, no intervening change in the controlling law exists.  For these reasons the plaintiff's motion for new trial should be denied.  See for example the Eastern District's ruling in  *White v. Gusman,*  2008 WL 4758633, *2-3 (E.D. La. 2008) where the court denied the plaintiff's motion for new trial after the court dismissed the plaintiff's suit on the basis of prescription.

---

[11] See R-Doc 36-6 at p. 1.
[12] See R-Doc 36-6 at p. 1.
[13] See R-Doc. 26-6.

444608.1

5

C. **CONCLUSION**

For the foregoing reasons, Carrington and Deutsche submit that the plaintiff's motion for new trial should be denied. The plaintiff failed to assert any grounds that warrant reconsideration based on controlling Fifth Circuit jurisprudence. Accordingly, the plaintiff's motion for new trial should be denied.

Respectfully submitted,
*/s/Jamie Polozola Gomez*
MICHAEL D. FERACHI (No. 19566)
JAMIE POLOZOLA GOMEZ (No. 33318)
McGlinchey Stafford, PLLC
Fourteenth Floor, One American Place
Baton Rouge, La 70825
Telephone (225)383-9000
Facsimile (225)343-3076
Email: mferachi@mcglinchey.com
jgomez@mcglinchey.com

ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-3

**CERTIFICATE OF SERVICE**

I hereby certify that in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. Service to all known counsel of record who have not consented to email notification and electronic service has been made via United States first-class mail, properly addressed and postage pre-paid, this 1st day of October, 2013.

*/s/Jamie Polozola Gomez*
Jamie Polozola Gomez

444608.1

6