UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN CANO                                              CIVIL ACTION

VERSUS                                                   NO: 12-2328

DEUTSCHE BANK NATIONAL TRUST                             SECTION: "A" (2)
CO., ET AL.

# ORDER

The following motion is before the Court: **Motion for New Trial (Rec. Doc. 75)** filed by plaintiff Martin Cano. Defendants Carrington Mortgage Services, LLC and Deutsche Bank National Trust Co., as Indenture Trustee for New Century Home Equity Loan Trust 2005-3, and Shapiro & Daigrepont, LLC have filed oppositions. The motion, noticed for submission on October 9, 2013, is before the Court on the briefs without oral argument.

Plaintiff Martin Cano filed this lawsuit against defendants Carrington Mortgage Services, LLC, Deutsche Bank National Trust Co., as Indenture Trustee for New Century Home Equity Loan Trust 2005-3, Shapiro & Daigrepont, LLC, New Century Mortgage Securities, LLC, and Downs Financial, Inc., to recover for damages that he claims to have sustained in conjunction with foreclosure proceedings against rental property located in New Orleans, Louisiana. Cano filed the federal complaint asserting federal claims under the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). Cano also alleges state law claims of fraud, unjust enrichment, and violations of the Louisiana Unfair Trade Practices Act ("LUTPA").

On July 29, 2013, the Court entered its Order and Reasons ruling on Defendants' motions to dismiss. (Rec. Doc. 72). In that ruling the Court explained why Cano's causes of action under the FDCPA and LUTPA are prescribed.

1

Cano now moves for reconsideration of that ruling arguing that his claims did not begin to accrue for purposes of prescription until October 2011, when he obtained a report from a writing expert who opined regarding the validity of signatures contained on various documents.

In its prior ruling, the Court explained that

> All of Cano's FDCPA claims, regardless of the specific statutory prohibition at issue, arise out of the allegedly fraudulent scheme that he believes Defendants engaged in to foreclose on his property without legal right. The record unequivocally demonstrates that Cano was aware of the facts giving rise to these claims no later than June 22, 2011, when he executed the "Notice of Invalid Successor Trustee Sale" that he filed in the state court foreclosure proceeding. (Rec. Doc. 36-6, Exh. E). Cano even submitted evidence to the state court in support of his allegations in the form of an affidavit from a private investigator. (Rec. Doc. 22-4). That affidavit is dated July 18, 2011. Again, the record demonstrates that Cano was well aware of his injury and the facts underlying his claim more than a year before he filed his federal complaint on September 22, 2012.

(Rec. Doc. 72 at 10).

A FDCPA claim must be brought within one (1) year of when the alleged violation occurred. 15 U.S.C.A. § 1692k(d) (West 2009). Under federal law a cause of action begins to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (*citing Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)). Thus, the statute of limitations begins to run when the plaintiff is in possession of the "critical facts that he has been hurt and who has inflicted the injury." *Id.*

As the Court previously explained, the state court documents of record clearly demonstrated that Cano was aware of the facts giving rise to his FDCPA claims more than a year before he filed his complaint. Moreover, Cano was clearly aware of his injuries and the alleged cause of those injuries. The accrual date for his FDCPA was not held in abeyance simply because Cano later obtained an expert opinion that he believed supported his contentions. The same reasoning applies with equal force to Cano's LUTPA claims, which were also subject to a one year prescriptive period. La. Rev. Stat. Ann. § 51:1409(E) (West Supp. 2013).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for New Trial (Rec. Doc. 75)** filed by plaintiff Martin Cano is **DENIED**.

October 10, 2013

                                             _____
                                                       JAY C. ZAINEY
                                             UNITED STATES DISTRICT JUDGE